UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEHAMA-COLUSA CANAL AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>Defendants. | 2:10-CV-00357 JAM KJM<br><br>ORDER REASSIGNING RELATED CASE |

The above-captioned case alleges that the United States Department of Interior has failed and is continuing to fail to operate the Central Valley Project ("CVP") in accordance with federal and state law by "exporting CVP water supplies from the Sacramento River watershed, the area in which the vast majority of CVP water supplies originate, to the San Joaquin Valley without regard for beneficial needs in the Sacramento River watershed that federal and state law require." Doc. 1 at ¶9. In so doing, Plaintiffs allege that Federal Defendants "act in contravention of decades-old federal law and policy ensuring that, as a prerequisite to building and operating the CVP, all present and future water supply needs within this area of origin would be met before the exportation of surplus water from the area of origin would occur." *Id.* These so-called "area of origin" protections are embodied in various provisions of

1

state and federal law, including State Water Resources Control Board Decision D-990, issued in connection with the state water rights permits under which the CVP operates. See id. at ¶12. D-990 and other relevant federal and state authorities have been extensively treated in related cases, including *NRDC v. Kempthorne*, 1:05-cv-1207 OWW DLB.

Moreover, Plaintiffs' requested injunctive relief would prohibit Federal Defendants from exporting CVP water supplies outside the Sacramento River watershed whenever such supplies are needed to meet the full contractual supplies for the beneficial needs of Plaintiffs' members. Any such injunction would directly impact the coordinated export operations of the CVP and State Water Project ("SWP"), which are presently the subject of complex litigation under the Endangered Species Act and National Environmental Policy Act. See The Coordinated Delta Smelt Cases, 1:09-cv-00407 OWW DLB, and The Coordinated Salmonid Cases, 1:09-cv-01053 OWW DLB.

To avoid inconsistent judgments and advance the interests of judicial efficiency and economy, the above-captioned case is reassigned from the docket of United States District Judge John A. Mendez, to the docket of United States District Judge Oliver W. Wanger pursuant to Local Rule 83 123(c)("If the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is

authorized to enter an order reassigning all higher numbered related actions to himself or herself.").

The Court hereby REASSIGNS this action from District Judge John A. Mendez to District Judge Oliver W. Wanger and REASSIGNS these actions from Magistrate Judge Kimberly J. Mueller to Magistrate Judge Dennis L. Beck.

The parties will be notified of the new case numbers upon completion of the transfer process.

SO ORDERED

Dated: April 9, 2010                /s/ Oliver W. Wanger
                                    Oliver W. Wanger
                                    United States District Judge


Dated: April 16, 2010               /s/ John A. Mendez
                                    John A. Mendez
                                    United States District Judge, Concurring


Dated: April 19, 2010               _____
                                    Anthony W. Ishii
                                    Chief Judge, Concurring